Mr. Justice S WAYNE
 

 delivered the opinion of the court.
 

 The bill of the appellant presents the following case: In the year 1853, tlie legislature of Wisconsin, by an act duly passed, authorized the
 
 town of Beloit
 
 to subscribe for $100,000 of the stock of a railroad company authorized to construct a railroad from the city of Hacine to the village of Beloit, and to make payment in its bonds to be issued for that purpose. The bonds were accordingly issued. A portion of them came into the hands of the appellant, and he recovered upon them the several judgments at law described in the bill. These judgments are all in full force and unsatisfied. By an act of the legislature, passed in 1856, the
 
 city of Beloit
 
 was created. It embraces a part of th.e territory which before constituted the
 
 town of Beloit.
 
 This act provides:
 

 “That all principal and.interest upon all bonds which have heretofore been issued by
 
 the town of Beloit
 
 for railroad stock or other purposes, shall be paid, when the same or any portion thereof shall fall due,
 
 by the city
 
 and
 
 town of Beloit,
 
 in the same proportions as if the said city and town were not dissolved.”
 

 This provision was re-enacted in 1857.
 

 It is averred that the
 
 city
 
 and
 
 town
 
 ought respectively to pay the proportions set forth — of the judgments — with interest from their several dates. The prayer is for general relief. The appellee demurred. The court sustained the demurrer, and dismissed the bill. This appeal was thereupQn .taken.
 

 The two corporations are as separate and distinct as if the territories they embrace, respectively, had never been united. It is obvious that, without a legislative provision to that effect,/¿Ae
 
 city
 
 would not be answerable at law for the debts of
 
 the town,
 
 incurred before the former was created; Whether,
 
 *618
 
 but for the statute, the city there would have been charge* able in equity, it is not necessary, to consider. The statute is conclusive as to a liability, to be enforced in some form of procedure. The only question before us is, whether there is a remedy in equity. It may be, as suggested by the counsel for the appellant, that an action would lie upon the statute. It is also possible that a proper case for a writ of
 
 mandamus
 
 might be made. But these inquiries are only material as bearing upon the question whether there is an adequate remedy at law. If so, a suit in equity cannot be maintained.' To have this effect, the remedy at law “must be as plain, adequate, and complete,” and “as practical and-efficient to the ends of justice,, and to its prompt administration, as the remedy .in equity.”
 
 *
 
 When the remedy at law is of this' character, the party seeking redress -must pursue it. In such cases the adverse party has a constitutional right to a trial by jury.
 
 †
 
 The objection is regarded as jurisdictional, and may be enforced by the court-
 
 sua, sponte,
 
 though uot raised by the pleadings, -nor suggested by counsel.
 
 ‡
 
 The provision upon the subject in the sixteenth section' of the Judiciary Act of-1789, was only declaratory of the pre-existing rule.
 

 In the case before us the adjustment of the amount to be/ paid by the city, will depend upon accounts and computations founded'upon the proper assessment rolls. In order to bind the town, it is nec^ásary that it should be made a party. This cannot be done in proceedings at'law. If the town .should be compelled to pay the entire amount, the right -is given by the statute to recover back the proportion for which the city is liable. . This would involve circuity of litigation; The remedy at law is, therefore, neither plain nor adequate.
 

 The question, whether a bill in equity wsjll lie.' is disembarrassed .of this objection.
 

 1 The authority to tax for the payment of municipal liabili
 
 *619
 
 ties, in cases like this, is in the nature of a trust.
 
 *
 
 The ju- - risdiction of a court of equity to interfere in' all eases involving such an ingredient, is too clear to require any citation of authorities. It rests upon au elementary principle of equity jurisprudence:
 

 > “The power is reserved to a court of equity to act upon ‘a principle often above-mentioned, namely, that whenever there is a right it ought to be made effectual.”
 
 †
 
 Where there is a right which the common law, from any imperfection, cannot enforce, it is the province aud duty of a court of equity to supply the defect .and furnish the remedy.
 
 ‡
 

 The decree is reversed. A mandate will.be sent to the Circuit Court directing that the demurrer be overruled, and the cause proceeded in according to the principles of equity and the rul s of equity practice.
 

 *
 

 Boyce
 
 v.
 
 Grundy, 3 Peters, 215.
 

 †
 

 Hipp
 
 v.
 
 Babin, 19 Howard, 278.
 

 ‡
 

 Fowle
 
 v.
 
 Lawrason, 5 Peters, 496; Dade
 
 v.
 
 Irwin, 2 Howard, 383.
 

 *
 

 Von Hoffman
 
 v.
 
 The City of Quincy,
 
 4
 
 Wallace, 555.
 

 †
 

 1 Kaime’s Principles of Equity, 3.
 

 ‡
 

 Quick
 
 v.
 
 Stuyvesant, 2 Paige, 92.