# SECURITY MUTUAL LIFE INSURANCE COMPANY v. PREWITT, INSURANCE COMMISSIONER OF KENTUCKY.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 178. Argued January 16. 1906.—Decided February 19, 1906.

Where, in a suit to cancel the revocation of an annual permit to do business in a State, the permit has ceased, since the writ of error was filed, to have any effect, and the plaintiff in error could not do business even if successful without obtaining a new permit, an event has occurred which renders it impossible for this court to grant any relief, and, as only an abstract question remains to be decided, the writ of error will be dismissed.

THE plaintiff in error seeks by this writ to review the judgment of the Court of Appeals of Kentucky, reversing the judgment of the court below and dismissing the petition of plaintiff in error. The trial court granted such petition, which was to cancel the revocation, by the state Insurance Commissioner, of the permit granted by him to the plaintiff in error to do business in the State.

The facts are as follows: The company is an insurance company, existing under the laws of the State of New York and having its principal office in the city of Binghampton, in that State. In the year 1900 the company, pursuant to the laws of the State of Kentucky, applied to the Insurance Commissioner of that State for a permit to do business therein, and it was granted for one year from the date of such permit, which was annually renewed thereafter. On July 1, 1904, it was renewed for the last time, and the permit contained a statement that it was granted for one year, provided it was not sooner revoked. Section 635, Kentucky Statutes, provides that these licenses or permits must be renewed annually. At the time of the first application by the company for admission (A. D.

1900), the following statute of Kentucky was, and it ever since has been, in existence. It is known as section 631, Kentucky Statutes. The section reads as follows:

"Before authority is granted to any foreign insurance company to do business in the State, it must file with the Commissioner, a resolution adopted by its board of directors, consenting that service of process upon any agent of such company in this State or upon the Commissioner of Insurance of this State, in any action brought or pending in this State, shall be a valid service upon said company; and if process is served upon the Commissioner it shall be his duty to at once send it by mail, addressed to the company at its principal office; and if any company shall, without the consent of the other party to any suit or proceeding brought by or against it in any court of this State, remove said suit or proceeding to any Federal court, or shall institute any suit or proceeding against any citizen of this State in any Federal court, it shall be the duty of the Commissioner to forthwith revoke all authority to such company and its agents to do business in this State, and to publish such revocation in some newspaper of general circulation published in the State."

In September, 1904, certain parties, named Crain and Gayle, sued the company in a state court of Kentucky, and the company, without their consent, removed the suit to the Circuit Court of the United States for the Eastern District of Kentucky. Thereupon Crain and Gayle notified the state Insurance Commissioner of such removal, and demanded that the Commissioner should revoke the authority of the company to do business in the State, as provided for by the above statute.

The company avers that the Insurance Commissioner did, on the sole ground of such removal, revoke the authority of the company to do business after September 29, 1904. The company thereupon demanded of the Commissioner that he should set aside such revocation and cancel the same, which the Commissioner refused to do.

The company then commenced these proceedings in the proper state court of Kentucky, asking that the Insurance Commissioner be required to cancel the revocation of the authority of the plaintiff and its agents to do business in the State, and that he should grant, or continue, the authority to the plaintiff, and its agents, to transact the business of life insurance in the State; and that the Commissioner should be required to publish in a newspaper the fact of such cancelation, and that he should be restrained and enjoined from notifying the general agents of the plaintiff of the suspension of its license. . The company specially set up the claim that, under the Constitution and laws of the United States, it was entitled to remove the suit mentioned from the state court into the United States Circuit Court for the Eastern District of Kentucky, and that any statute of the State of Kentucky in anywise restricting or affecting that right was void as a violation of the Federal Constitution.

The defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The trial court overruled the demurrer, and the defendant Commissioner declining to plead further, the prayer of the insurance company was granted, and judgment was entered (1) directing the defendant to cancel the revocation of the permit; (2) granting authority to the company to transact business in the State; (3) restraining the Commissioner from notifying the general agents of the company of the suspension of its license and its right to do business in the State; (4) enjoining the Commissioner from applying to any judge for an injunction restraining the company from further proceeding with its business. The defendant prayed an appeal to the Court of Appeals of the State, which was granted, and that court reversed the judgment of the trial court, and remanded the case with instructions to dismiss the petition, and judgment to that effect was thereupon entered.   83 S. W. Rep. 611.

*Mr. Wm. Marshall Bullitt,* with whom *Mr. F. W. Jenkins,*

*Mr. Julien T. Davies* and *Mr. Charles S. Grubbs* were on the brief, for plaintiff in error.

*Mr. J. H. Hazelrigg*, with whom *Mr. N. B. Hays*, Attorney General of the State of Kentucky, and *Mr. H. R. Prewitt* were on the brief, for defendant in error.

MR. JUSTICE PECKHAM, after making the foregoing statement, delivered the opinion of the court.

It appears that the laws of Kentucky require the annual renewal of the permit to any foreign insurance company, in order that the company may continue to do business in the State, and without such license the company is prohibited from doing any business therein.

The writ of error in this case was filed January 27, 1905. and the license was granted July 1, 1904, and expired by its terms, if not sooner revoked, on the first day of July, 1905. The permit, even if illegally revoked prior to that time, became a dead letter on July 1, 1905, so far as constituting any authority to the company to remain in the State and do business therein. If the court should now assume to cancel the revocation it could not thereby reinstate the permit, which has already expired, and the company would still be without power to do business in the State until another permit should be granted. To adjudge that the old permit remained good until the expiration of the year is to adjudge an abstract question, as no relief can be now awarded concerning it. The refusal on the part of the Insurance Commissioner to grant authority to plaintiff to transact business after the old permit had expired does not raise a Federal question. Since the writ of error was filed the permit has ceased to have any effect, and, therefore, an event has occurred which renders it impossible for this court to grant any effectual relief in favor of plaintiff in error. In such case the court will dismiss the writ of error. *Mills v.*

*Green,* 159 U. S. 651; *Tennessee* v. *Condon,* 189 U. S. 64; *Jones* v. *Montague,* 194 U. S. 147.

It would seem to be plain that the cancelation of a revocation of a permit, when the permit itself has become of no effect by virtue of the lapse of time, would be useless business, and would give no practical relief to the company.

*Writ dismissed.*