# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### PUGET SOUND POWER & LIGHT CO. v. ASIA et al. *

(Circuit Court of Appeals, Ninth Circuit. December 5, 1921. Rehearing Denied January 9, 1922.)

#### No. 3724.

1. **Injunction ⬡26(3)—Equity held without jurisdiction to enjoin suit for construction of contract.**

  Equity *held* without jurisdiction to enjoin prosecution of a suit by taxpayers against a city and its officers to enjoin performance of a contract by the city under which it issued bonds in accordance with what plaintiffs in said suit allege is an erroneous construction of said contract, on the ground that such suit depreciates the market value of the bonds owned by complainant, where its title is not challenged and no fraud or corrupt motive is alleged.

2. **Courts ⬡508(1)—Federal court cannot enjoin suit in state court, which has priority of jurisdiction.**

  The power of a federal court to protect its jurisdiction by enjoining a suit in a state court is limited to cases where its jurisdiction is prior to that of the state court.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit in equity by the Puget Sound Power & Light Company against S. B. Asia and others. Decree for defendants, and complainant appeals. Affirmed.

See, also, 271 Fed. 958.

The court below dismissed the appellant's amended bill of complaint for want of equity. The following is the substance of the complaint:

On March 31, 1919, the appellant sold and delivered to the city of Seattle a certain street railway system, in payment for which the city delivered to the appellant an issue of $15,000,000 of municipal street railway bonds, each bond payable, with interest, at 5 per cent. per annum, payable semiannually on the 1st days of March and September. Each bond contained a covenant and obligation binding the city "to pay into the special fund created by the ordinance authorizing the issuance of this bond, and out of the gross

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

277 F.—1          *Certiorari denied 256 U. S. —, 42 Sup. Ct. 272, 66 L. Ed. —.

**2**          277 FEDERAL REPORTER

revenues of such municipal street railway system, and all additions and betterments and extensions of such system hereafter acquired, even though the balance of such gross receipts thereafter remaining may be insufficient to pay the cost of maintaining and operating said system, and said additions and betterments thereto and extensions thereof, a sum equal to 5 per cent. per annum, payable semiannually, on all unpaid bonds of the issue of $15,000,-000." The city has received gross revenues from the operation of the railway system sufficient to pay all charges and indebtedness, which were, by the terms of the bonds, made superior to the bonds, and in addition thereto has received gross revenues sufficient to pay, not only interest upon the bonds, but installments of principal which have not yet become payable, and there will be due and payable upon such bonds interest at the rate of 5 per cent. per annum, payable semiannually, which sum the city will pay unless, by reason of the acts of the defendants, the city is induced or compelled to breach its contracts and default in such payment, and divert the money applicable thereto to the payment of claims which are inferior in right to the bonds and the coupons attached thereto.

In order for the appellant to deliver clear title to the railway system, free from liens and mortgages, it was necessary for the appellant, immediately on receipt of the bonds from the city, to deliver the same to the trustees under certain mortgages, and those trustees held the same as collateral security for the debt which was secured by the mortgages so released, and the appellant is the owner of the equity of redemption in such bonds, and needs the amounts of interest payable on such bonds to apply upon the indebtedness secured by the mortgages, and, if interest be not paid upon the bonds, the entire issue will be deemed to be defaulted, causing to the appellant great and irreparable injury, for which there is no remedy at law.

The appellees' have combined and confederated together to bring about a breach between the city and the appellant, and have greatly impaired the market value of the bonds, and, if default in payment of interest be caused by the appellees, then the market value of such bonds would be decreased millions of dollars. The appellees have instituted a suit against the city and the city treasurer and comptroller in the superior court of the state of Washington for King county, but have not joined the appellant as party defendant, which suit is without the jurisdiction of such superior court, because it is brought to set aside a judgment and decree rendered by the Supreme Court of Washington in favor of the appellant and the city of Seattle against Frank A. Twichell, plaintiff, and C. E. Horton, intervener, representing all the taxpayers of the city of Seattle. Twichell v. Seattle, 106 Wash. 32, 179 Pac. 127. The appellees have combined and confederated together to induce and compel the city to divert a sufficient portion of the gross revenue to the payment of the cost of maintaining and operating the municipal street railway system and the depreciation thereof, before paying any part of such gross revenue into said special fund, and to prevent the city and its officers from paying any part of the interest or principal of such bonds from such special fund, until after the payment of all costs of maintenance, operation, and depreciation of the railway system. The appellees, pursuant to such combination and confederation, asserted and caused to be published that the appellant's bonds were payable out of the net revenues of the municipal street railway system, and that the pledging of the entire gross revenues thereof to the payment of the bonds was illegal and void.

Pursuant to their combination and confederation, and for the purpose of carrying the same into effect, they commenced the suit in the state court, and alleged in their complaint therein that the city treasurer was paying into the said fund the entire gross receipts of the railway, in lieu of using the money for payment of conductors, motormen, and laborers employed on the lines, and other operating expenses, and that those salaries and expenses are being paid by the issuance of warrants of the city, which are recognized by the city and its officers as valid claims against the city; that in truth the city and its officers have the right to pay the wages of said employés and other operating and maintenance expenses, by applying thereto earnings of

the street railway; that no provision had been made for paying depreciation charges out of the earnings of the street railway or otherwise, and it would be impossible to pay the same, or make replacement of the road, if the gross earnings of the system were used for paying the principal and interest on the bonds; that the prayer of the complaint was that the defendants therein be permanently enjoined from paying out of the street railway fund, or other funds of the city, the interest accruing on said bonds on March 1, 1921, until all of the wages of employés and cost of maintaining and operating said system, including depreciation charges, be first paid, and that the provisions of the ordinances, the contract and bonds, so far as they provide otherwise, be declared ultra vires, illegal, and void. Upon said complaint the said superior court issued a temporary restraining order as prayed for, and set for hearing on February 17, 1921, the plaintiff's application for a temporary injunction.

The appellees, in so attacking the bonds and in filing their complaint in the state court, acted in combination and confederation to bring about a breach of the contract between the plaintiff and the city, and for that purpose they sought and procured such restraining order, and the appellant was compelled to and did on February 1, 1921, and prior to the institution of the present suit, institute a suit against the city and its officers to enforce specific performance of the contract. The appellees continue to deny that the city was obligated to make payments into the special fund in case the gross earnings of the system were insufficient to pay, in addition to the cost of operation and maintenance of such system, the respective payments of principal and interest on the bonds. Such assertions and claims so continued to be made and published have greatly depreciated the bonds and constitute a cloud upon the title and rights of the appellant in such bonds, which assertions and claims are without justification or excuse, as the appellees well know.

The appellant prayed that a temporary injunction be issued, restraining the appellees and each of them from making such assertions and claims, or from doing any act which may result in inducing or causing a breach of the contract between the city and the appellant, or default in the payment of interest on the bonds as the same shall become due and payable, and the principal of such bonds as they shall become due and payable; that upon the final hearing a permanent injunction issue.

From the answer of the appellees to the original bill herein it appears that on February 23, 1921, the judge of the superior court of King county held that the appellant herein was a necessary party to the suit pending therein, and sustained the demurrer of the city and its officers, on the ground that the complaint did not state facts sufficient to constitute a cause of action; that on March 1, 1921, the city of Seattle paid to the appellant $375,000, which was the interest payment due that day upon the bonds; that the application for a temporary injunction in the cause in the state court was denied; and that on March 11, 1921, the appellees filed in that court an amended complaint. On the same day they filed in the United States District Court in the present suit their motion to dismiss and their answer to the original bill.

The appellant on the same day renewed its application for a temporary injunction, and the appellees moved to dismiss the suit. The application for injunction was denied, and the motion to dismiss was allowed. Thereafter, on April 11, 1921, the appellant filed its amended bill of complaint, which upon the motion of the appellees was dismissed for want of equity.

James B. Howe, Hugh A. Tait, and John H. Powell, all of Seattle, Wash., for appellant.

Stephen J. Chadwick, Otto B. Rupp, Wilmon Tucker, O. B. Thorgrimson, Tucker & Hyland, and Preston, Thorgrimson & Turner, all of Seattle, Wash., for appellees.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above).    [1] The burden of the appellant's amended complaint is, in brief, that the appellees insist and assert that the obligation of the city on its bonds to the appellant is less comprehensive than it is in fact, and as it has been adjudged to be by a decision of the state Supreme Court, and that thereby the appellees have impaired the market value of the appellant's bonds.   The relief sought is that the appellees be enjoined from making such claims and assertions as to the construction· and meaning of the contract.   A broader aspect is attempted to be given to the amended bill by the allegation that the appellees combined and conspired to induce the city to breach its contract with the appellant; but the allegation adds nothing of substance to what is elsewhere set forth in the bill, for it must be measured by the averments which show specifically what the appellees are charged to have done and threatened to do.   When thus measured by the facts alleged, there is nothing in the bill, other than the charge that the appellees brought suit in, the state court against the city and its officers to enjoin action which they alleged would violate the terms of the contract, and that they assert and insist that· the position which they took in that suit is sustained by the language of the contract.

We find no principle of equity upon which it can be held that an injunction should issue upon such a showing of facts.   It is not a suit to remove ·a cloud upon the title of the appellant, as was the case in Thompson v. Emmett Irrigation District, 227 Fed. 560, 142 C. C. A. 192.   The appellant's title to its bonds is in no way assailed.   The facts alleged are not sufficient to bring the case within the equitable jurisdiction to ·enjoin vexatious litigation.   The rights of the appellees herein have not been adjudicated in prior proceedings to which they were parties, nor are they pursuing a course which will necessarily result in a multiplicity of suits.   Nor has equity jurisdiction on the ground that the acts and assertions of the appellees constitute slander of property.   Kidd v. ·Horry, 28 Fed. 773; American Malting Co. v. Keitel, 209 Fed. 351, 126 C. C. A. 277; Citizens' Light, H. & P. Co.; v. Montgomery, Light & W. P. Co.· (C. C.) 171 Fed. 553; Singer Co. v. Domestic Co., 49 Ga. 70, 15 Am. Rep. 674; Boston Diatite Co. v. Florence Manufacturing Co., 114 Mass. 69, 19 Am. Rep. 310; Covell v. Chadwick, 153 Mass. 263, 26 N. E. 856, 25 Am. St. Rep. 625; Consumers' Gas Co. v. K. C. Gaslight,· etc., Co., 100 Mo. 501, 13 S. W. 874, 18 Am. St. Rep. 563; Marlin Firearms v. Shields, 171 N. Y. 384, 64 N. E. 163, 59 L. R. A. 310.

Decisions of the Supreme Court sustain the proposition that, in the absence of an adequate remedy at law, equity will restrain one who maliciously interferes with a contract between two parties and induces one of them to break it, and that it is not necessary that actual malice, in the sense of personal ill will, shall exist, but that it is sufficient if there be a wanton disregard of the complainant's rights.   Angle v. Chicago, St. P., etc., Ry., 151 U. S. 1, 14 Sup. Ct. 240, 38 L. Ed. 55; Bitterman v. Louisville & Nashville R. R., 207 U. S. 205, 28 Sup. Ct. 91, 52 L. Ed. 171, 12 Ann. Cas. 693; Dr. Miles Medical Co. v. Park & Sons Co., 220 U. S. 373, 31 Sup. Ct. 376, 55 L. Ed. 502.   No case is

found, however, which sustains the right to such relief, unless the interference has been wrongful in a legal sense, or is accompanied. by fraudulent conduct. There is no allegation in the amended bill that the appellees have used coercion, or have resorted to fraud or the corrupt use of means. All that they are charged with is their effort, by the use of legal means, to compel action by the city in accordance with their contention as to the true meaning of the contract. It is true that they are charged with knowledge of the decision of the Supreme Court in the Twichell Case, but it is not to be assumed that they expect the city and its officers, or the state court, to act in defiance of the final judgment of the Supreme Court of the state. Equity will not enjoin them from asserting, in court or elsewhere, that the construction which, in their complaint in the state court and in their answer to the original bill in the present case, they place upon the contract, is the true construction thereof, notwithstanding that they may thereby cause depreciation of the market value of the appellant's property.

[2] The appellant contends that, having instituted its suit (Puget Sound Power & Light Co. v. City of Seattle [D. C.] 271 Fed. 958), to enforce specifically its contract with the city, an injunction should have been granted in the present suit to prevent the appellees from defeating or interfering with the jurisdiction of the court to give that relief—citing, among other cases, the decision of this court in St. Louis Min. & Mill. Co. v. Montana Min: Co. (C. C.) 148 Fed. 450. In that case we held that section 720 of the Revised Statutes (Comp. St. § 1242), which forbids a federal court to grant an injunction to stay proceedings in a state court, does not prevent a federal court from enjoining the party to an action before it from prosecuting a suit in a state court, when such injunction is necessary to protect the federal court's prior jurisdiction. That doctrine is sustained by Julian v. Central Trust Co., 193 U. S. 93, 24 Sup. Ct. 399, 48 L. Ed. 629; and French v. Hay, 22 Wall. 250, note. 22 L. Ed. 857. But the difficulty in the way of its application here is that the suit brought by the appellees in the state court is prior in time to the suit brought by the appellant to enforce specifically its contract with the city, and it cannot be deemed in any sense an interference with the jurisdiction of the court in that case.

The decree is affirmed.