## KERNAN v. CAMPBELL, Prohibition Administrator, et al.

### No. 165.

Circuit Court of Appeals, Second Circuit.

Nov. 10, 1930.

Lewis Landes, of New York City, for appellant.

Howard W. Ameli and George H. Bragdon, both of Brooklyn, N. Y., for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

In 1922 Kernan secured a permit under section 4 of title 2 of the National Prohibition Act (27 USCA § 13) to use specially denatured alcohol in toilet preparations, which was to last until surrendered or canceled. Under this he made up his goods, withdrawing the necessary alcohol as he needed it; the amount being limited only by the bonds which he filed from time to time, as provided in existing regulations. The Commissioner revoked all such permits in November, 1925, as of March or December, 1926, and we held in Higgins v. Foster, 12 F.(2d) 646, that the revocation was invalid. Kernan, apparently fearing the effect of the regulation, had already in December, 1925, applied for a permit limited to the year 1926, which was granted in March, and was for two thousand gallons a month. In September, 1926, the Commissioner, no doubt in conformity with the ruling in Higgins v. Foster, extended permits such as Kernan's, but, as we held in Lion Laboratories v. Campbell, 34 F.(2d) 642, only until December 31, 1927.

In April, 1927, the Commissioner revoked Kernan's permit for 1926, extended as it had been through 1927, whereupon he filed suit, and got a decree in his favor in January, 1928, on the ground that the evidence was insufficient to justify a revocation. In July, 1928, having no permit except in so far as that of 1922 continued, he applied for a permit for 1929, which was granted him in December, 1928, but to which there was attached a condition that he must sell only to customers of described classes. Upon receiving this in January, 1929, he wrote a letter to the Commissioner saying that his acceptance of it was not to be deemed a surrender of the original permit of 1922, and thereupon he began a second suit to enjoin the authorities from interfering with his unlimited withdrawals under the original permit. This came before Judge Inch on motion for preliminary injunction, who decided that the application for the 1929 permit, together with Kernan's evidence given upon the application proceedings, was a surrender of the permit for 1922 [Kernan v. Campbell (D. C.) 36 F.(2d) 778], and we affirmed this ruling [36 F.(2d) 779]. The present suit is in part to persuade us to overrule that decision because of certain language in the opinion in Campbell v. Galeno Chemical Co., 281 U. S. 599, 50 S. Ct. 412, 74 L. Ed. 1063.

■ We need not now decide whether the acceptance of an annual permit ipso facto surrenders an earlier unlimited one, because, as appears in the report of the decision just cited, the plaintiff upon the hearing on his application for the 1929 permit expressly accepted the conditions which the Commissioner sought to impose. Certainly the unlimited and unconditional permit of 1922 could not still be in existence, if during 1929 with his consent his sales were limited to prescribed classes of customers. We hold that by virtue of this consent the plaintiff surrendered his rights, if he still had any, under the 1922 permit, and for this reason we reaffirm the ruling in Kernan v. Campbell (C. C. A.) 36 F.(2d) 779, leaving open the general question.

■ Thus, the plaintiff when he applied for a permit for 1930 was without any permit whatever. The Commissioner might consider his application as tabula rasa, and he refused it because of evidence contained in this record. This proved, among other things, that in 1927 ten drums were seen to leave Kernan's warehouse on a truck. The driver, being accosted by a policeman, said that they contained specially denatured alcohol, was arrested, and went with the officer to a police station in Brooklyn, where the truck and its contents were detained. The only break in the chain of proof by which these drums were shown to contain specially denatured alcohol was that the prohibition agent, who took over a truck with the drums on it in the police station two days after the arrest, did not, and of course could not, identify them as those which the policeman had seized. On the other hand, Kernan, two days before the seizure, had received ten drums of alcohol, containing the two denaturants found in the drums examined, and in the proper proportions, two drums with one denaturant, eight with the other. These were marked by the name of the same manufacturer as the drums examined. The improbability that there should have been a truck at the police station two days after the arrest, containing the same number of drums, marked in the same way, and filled with the same contents, distributed among a like number of drums, seems to us too remote to defeat a prima facie case, which the plaintiff made no effort to answer.

■ Hence we think that the Commissioner had before him evidence that in 1927 Kernan had allowed the drums of denatured alcohol to escape his warehouse, and that from this it was proper to infer that he was not observing the limitations imposed upon his receipt of alcohol. It was, however, precisely this evidence which the Commissioner used to revoke the permit of 1927, and which the District Court thought insufficient. We are free, however, to disregard this decree because it was entered in 1928, after the expiration of the permit of 1926, as extended, and at a time when the court no longer had any jurisdiction over the subject-matter. Security Mut. Life Ins. Co. v. Prewitt, 200 U. S. 446, 26 S. Ct. 314, 50 L. Ed. 545; Commonwealth P. & T. W. Co. v. Campbell, 42 F.(2d) 573 (C. C. A. 2). We do not therefore consider whether there would have been an estoppel because of the decree in the revocation suit, had it been entered before the permit expired. The evidence is in any event open for our consideration, and, as we have said, we think that it justified the refusal.

Decree affirmed.