**FLEMING, Temporary Controls Administrator, v. SEBASTIANI et al.**

**No. 11413.**

Circuit Court of Appeals, Ninth Circuit.

April 17, 1947.

Rehearing Denied June 2, 1947.

George Moncharsh, David London, Albert M. Dreyer, Rose Mary W. Filipowicz, and Abraham H. Maller, all of Washington, D. C., and William B. Wetherall, of San Francisco, Cal., for appellant.

Albert Picard, of San Francisco, Cal. (George Lee Basye, of San Francisco, Cal., of counsel), for appellee.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

On February 18, 1944, Chester Bowles, Price Administrator, brought an action against Samuel Sebastiani under § 205 of the Emergency Price Control Act of 1942,

50 U.S.C.A.Appendix, § 925. The complaint alleged, in substance and effect, that Sebastiani, a seller of wines made from California grapes, had violated § 4 of the Act, 50 U.S.C.A.Appendix, § 904, by violating a regulation under § 2 of the Act, 50 U.S.C.A.Appendix, § 902, namely, Supplementary Regulation No. 14, prescribing maximum prices for such wines. The complaint prayed for an injunction [1] and for treble damages.[2]

On March 27, 1944, Sebastiani died. On February 1, 1946, Administrator Bowles moved for the substitution of appellees, Sebastiani's executors, as defendants in his place and stead. On February 26, 1946, Paul A. Porter succeeded Bowles as Price Administrator. On April 17, 1946, the District Court entered an order reading as follows: "The court, being now fully advised in the premises, does hereby order that said motion be, and it hereby is granted in part and denied in part. As to the injunction feature, it is hereby granted, but as to the suit for treble damages, it is hereby denied." From that order Administrator Porter took this appeal.[3]

Rule 25(a)(1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party." In this case, the District Court held that the claim was extinguished in part by Sebastiani's death. Hence the order here appealed from.

The object of the appeal is to have us decide that the claim was not extinguished, in whole or in part, by Sebastiani's death. Such a decision would avail appellant nothing; for, even if the claim was not extinguished, in whole or in part, by Sebastiani's death, the power to order the substitution of appellees as defendants in his place and stead was limited to the two-year period prescribed in Rule 25(a)(1).[4] That period expired on March 27, 1946. No substitution was made within that period. No valid substitution could be made thereafter.[5] In short, the appeal presents only a moot question and, for that reason, must be dismissed.[6]

Other reasons for dismissing the appeal have been suggested, namely, that the order appealed from was not a final decision, within the meaning of § 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a), and hence was not appealable, and that Administrator Porter was not a party to the action when he took the appeal.[7] In view of the conclusions already stated, these suggestions need not be considered.

Appeal dismissed.

---

[1] See § 205(a) of the Act, 50 U.S.C.A. Appendix, § 925(a).

[2] See § 205(e) of the Act, 50 U.S.C.A. Appendix, § 925(e).

[3] Before the appeal was taken, Administrator Porter moved for the substitution of himself as plaintiff in Administrator Bowles' place and stead. After the appeal was taken, the District Court entered an order purporting to make such substitution. Here Philip B. Fleming, Temporary Controls Administrator, moved for and obtained an order substituting him as appellant in Administrator Porter's place and stead.

[4] Anderson v. Yungkau, 67 S.Ct. 428.

[5] Anderson v. Yungkau, supra.

[6] Mills v. Green, 159 U.S. 651, 16 S. Ct. 132, 40 L.Ed. 293; New Orleans Flour Inspectors v. Glover, 160 U.S. 170, 16 S.Ct. 321, 40 L.Ed. 382; Codlin v. Kohlhausen, 181 U.S. 151, 21 S.Ct. 584, 45 L.Ed. 792; Jones v. Montague, 194 U.S. 147, 24 S.Ct. 611, 48 L.Ed. 913; Selden v. Montague, 194 U.S. 153, 24 S. Ct. 613, 48 L.Ed. 915; Security Mutual Life Ins. Co. v. Prewitt, 200 U.S. 446, 26 S.Ct. 314, 50 L.Ed. 545; Travelers Ins. Co. v. Prewitt, 200 U.S. 450, 26 S. Ct. 316, 50 L.Ed. 549; Richardson v. McChesney, 218 U.S. 487, 31 S.Ct. 43, 54 L.Ed. 1121; Wingert v. First National Bank, 223 U.S. 670, 32 S.Ct. 391, 56 L. Ed. 605; United States v. Kelly, 9 Cir., 97 F. 460; Parr v. Colfax, 9 Cir., 197 F. 302; Home Savings & Loan Assn. v. Plass, 9 Cir., 57 F.2d 117; California Canning Peach Growers v. Myers, 9 Cir., 78 F.2d 194.

[7] See footnote 3.