MYRTLE STOUT, ET AL., Appellees, v. MARGARET A. STOUT, ET AL., Appellants.

**Express trusts.** Under the provisions of the statute an express trust
1 must be evidenced in writing.

**Trusts: HUSBAND AND WIFE: TRUSTEE EX MALIFICIO.** Where a wife pro-
2 cured a conveyance of land from her husband upon the promise that
she would hold the title until his death and would then pay a specified
sum to his children by a former wife, but had no intention at the
time of so doing, and she thereafter made a voluntary conveyance of
the property to her own children and repudiated the promise, she
became a trustee *ex malificio*: and her children having paid nothing
for the conveyance stood in no better position that she did.

*Appeal from Madison District Court.*—HON. W. F. FAHEY,
Judge.

TUESDAY, MARCH 24, 1914.

ACTION in equity to establish a constructive trust in certain lands conveyed by a husband to a wife, on the ground that the conveyance was procured under a false promise to retain the title until the death of the grantor, and, upon his death, to pay certain sums of money to the children of the grantor. The claim is predicated on the fact that the promises were made to the grantor to induce him to make the conveyance, with no intention on the part of the grantee, at the time, to keep or perform the promise; that subsequently she repudiated the promise and induced the grantor in the deed to join with her in the conveyance of the land to her children; that this last deed was procured when he was old, sick, and incapable of rationally transacting business, and was brought about by undue influence exercised by her over him. Judgment and decree for the plaintiffs.—*Affirmed.*

*C. A. Robbins,* for appellants.

*A. W. & Phil R. Wilkinson, Jno. A. Guiher,* and *Leo C. Percival,* for appellees.

GAYNOR, J.—This is an action brought by plaintiffs to set aside certain deeds of conveyance made by their ancestor, Elvis Stout, and to impress land with a trust character, in their favor, on account of certain matters and things alleged by them, as will more fully appear hereafter.

The plaintiffs are the children and grandchildren of Elvis Stout. Elvis Stout was three times married; first to Elizabeth Stout, second to Abbie Stout, and third to the defendant herein, Margaret A. Stout. The plaintiffs are children and grandchildren of the union between Elvis Stout and Abbie Stout. The defendants are the surviving wife, Margaret A. Stout, and her children, who are the children of her union with Elvis Stout. The first two wives are dead. The marriage between Elvis Stout and the defendant Margaret A. Stout occurred on the 24th day of December, 1890. At that time Elvis Stout was sixty-five years of age and Margaret A. Stout thirty-five years of age.

On the 28th day of December, 1897, Elvis Stout executed a deed to the defendant Margaret A. Stout, in which he conveyed to her all the real estate involved in this suit. On the 11th day of August, 1903, the defendant Margaret A. Stout, Elvis Stout joining therein, executed a deed to the same premises to her children, the defendants herein. This deed was never recorded, and it appears the plaintiffs had no notice or knowledge of it prior to the commencement of this suit.

Thereafter, on the 24th day of December, 1907, another deed was executed by the said Margaret Stout, her husband Elvis Stout joining therein, conveying the same land to her children, the defendants herein, except a small portion that had been conveyed away to another party. These children of Margaret A. Stout were all minors at the time, and resided with Elvis and Margaret A. Stout.

The plaintiffs claim that, at the time the first deed was executed by Elvis Stout to Margaret A. Stout, dated December 28, 1897, the said Elvis Stout was badly afflicted with a disease, and his mind was weak, and he was unable to under-

stand business transactions of any importance; that the defendant Margaret A. Stout had great influence over him, and could induce him to do anything she desired; that, because of his extreme weakness and feeble condition of body and mind, he was unable to resist her importunity; that she then and there, for the purpose of inducing him to execute the deed to her, did, with a fraudulent intent and purpose of cheating and defrauding these plaintiffs, and with a fraudulent purpose and intent of acquiring title to the real estate in herself, orally promise and agree with the said Elvis Stout that, if he would execute to her this deed, and convey to her the real estate in controversy, she would keep the title to the same in her own name until his death, and that, upon his death, she would pay to the children of his former wife, Abbie Stout, who are the plaintiffs in this suit, the sum of $4,500, and that she would hold the title to the real estate in her own name, subject to the payment of said money to his children, and would not convey or incumber the same while he lived; that she made this promise and agreement for the fraudulent purpose of inducing him to convey the land to her therein and at the time fully intending not to perform said promise or agreement; that she fully intended, at the time she obtained said conveyance from Elvis, her husband, not to make the payments therein agreed to be made, and fully intended not to hold the title to the real estate conveyed in her own name, but, by means of such conveyance, it was her purpose and intent to defraud these plaintiffs; that the said Elvis, being old and feeble in mind and easily influenced and imposed upon, and reposing great confidence and trust in her, and believing that she would carry out and perform her agreement, and without any other consideration, executed the said deed to her; that the subsequent deeds made by her to her children, in which she induced Elvis to join, were made in pursuance of the fraudulent intent, on her part, originally entertained, to cheat and defraud these plaintiffs, and were made in pursuance of the original intent entertained by her, at the time she received the deed,

not to keep her promise made to Elvis, but for the purpose of getting the title to the property in the name of her own children, that she might thereby be better enabled to avoid the promises and agreements made by her to Elvis; that she has refused, and still refuses, to carry out and perform her promises and agreements, and plaintiffs therefore ask that these subsequent deeds be set aside, and that the land be impressed with a trust, in their favor, to the amount thus agreed by her to be paid to them.

The defendants, answering plaintiffs' claim, admit the execution of the deeds as alleged, but claim that the deeds were not procured by fraud, or undue influence, or coercion, and deny that Elvis Stout was of unsound mind and incapable of understanding the nature of his act in executing the deeds, but say it was his free and voluntary act, executed for full and fair consideration.

The defendants, further answering, deny that Margaret A. Stout, at the time she obtained the title from Elvis Stout, promised and agreed, as a consideration therefor, to pay any sums of money whatever to these plaintiffs; deny that she promised and agreed with Elvis Stout that if he would execute to her the deed conveying to her the real estate, that she would keep the title to the real estate in her own name until his death; deny that she promised or agreed, as a consideration for said deed, that she would pay to the children of his former wife, Abbie Stout, any sum whatever; and further say that Elvis Stout had full knowledge that she (Margaret A. Stout) did not intend to retain the title to any part of said real estate in her own name, and that she did not intend to pay the sum of $4,500 to the children of Abbie Stout in accordance with the said alleged agreement, and that he had knowledge of this fact as early as August 11, 1903, the date on which she made the second deed, and allege that more than five years had elapsed, after the said Elvis Stout executed the deed of August 11, 1903, before his death, and that, even though he may have been under disability at the time, the action was not

commenced by these plaintiffs for more than one year after his death, and after the disability was removed, and was therefore barred by the statute of limitations.

The court, at the conclusion of all the testimony, made the following finding of facts:

That the plaintiffs are the children and heirs at law of Elvis Stout and Abbie Stout, deceased; that the cross-petitioners B. W. Stout, Elmer Read, and 'Byron are children of a deceased daughter of Elvis and Abbie Stout; that Harold L. Small and Reba Ross are children of a deceased daughter of Elvis and Abbie Stout; that said Elvis Stout died intestate in Madison county, Iowa, on the ——— day of August, 1908; that, for many years prior to his death, Elvis Stout was seriously affected with rheumatism and heart disease, and the last fifteen years of his life his mind was very much enfeebled and impaired by old age and disease; that the defendant Margaret A. Stout and Elvis Stout, deceased, were married on the 24th day of December, 1890; that on the 28th day of December, 1897, the said Elvis Stout conveyed to the defendant Margaret A. Stout the following described real estate situated in the county of Madison and state of Iowa, to wit: The northeast quarter of the northeast quarter of section 36, in township 76 north, range 27 west of the fifth P. M., Iowa, and also the fractional west half of the northeast quarter of section 31, in township 76 north, range 26 west of the fifth P. M., Iowa; that at the time of the execution of the said deed, the said Elvis Stout was the husband of the said Margaret A. Stout, and was badly afflicted with disease, and his mind was very much weakened and impaired by disease and old age; that defendant Margaret A. Stout had great influence over him, and he reposed great confidence in her, and that, to induce him to execute said deed to her, she then and there promised and agreed, at his death, to pay to each of his children by Abbie the sum of $500, and to pay to the children of his deceased daughter the sum of $500; that said promises were fraudulently made by the said Margaret A. Stout to the said Elvis Stout, for the purpose of inducing him to convey to her the real estate hereinbefore described, and with the fraudulent intent on her part to not carry out said agreement; that the said Elvis Stout then and there relied upon

the agreement and promise of the said Margaret A. Stout to make the payments aforesaid, at the time of his death, to his heirs aforesaid, and would not have executed said deed for said real estate to the said Margaret A. Stout had it not been for her said agreement; that the said Margaret A. Stout, in pursuance of her fraudulent purpose and intent to defraud the said heirs of said Elvis Stout of their interests in the real estate hereinbefore described, and with the intent of placing the title of said real estate where it could not be reached, to enforce the payment of said sums of money to the said heirs of Elvis Stout, deceased, at his death, did, on the 24th day of December, 1907, at a time when the said Elvis Stout was mentally incompetent to make said deed, induce him to execute the deed for said real estate.

We have carefully examined the record, and therefrom have reached the conclusion, aided by legitimate inference from the facts proven, that the finding of the trial court, as above set out, is fully established by the evidence. We therefore proceed to determine what the legal rights of these parties are under the allegations made in the pleading and the facts so found to be established.

The first-contention of the plaintiffs is that declarations, or creations of trust, or powers in real estate must be executed in the same manner as deeds of conveyance. This contention

1. EXPRESS TRUSTS.

is true as to expressed trusts, which must, by the provisions of section 2918 of the Code, be evidenced in writing. This case is not bottomed on an expressed trust, even under the plaintiff's contention, as the deed was made by Elvis to Margaret direct; the consideration for the deed being the promise made.

The plaintiffs' contention is that from the whole transaction a constructive trust arose, and this claim is based upon the idea of fraud, practiced by Margaret upon Elvis in the

2. TRUSTS: husband and wife: trustee ex maleficio.

procuring of the deed, and the fraud consisted in the fact that she procured the deed from him by falsely promising and representing that she would hold the title to the land so conveyed in her

own name until his death, and that, upon his death, she would pay to these plaintiffs the sums now asked by them to have recognized and enforced against her; that, at the time the deed was made and the promise given, there was no intent on her part to keep the agreement; that there was an intent on her part, upon securing the title in this way, to repudiate the agreement and dispose of the land; and that, in pursuance of this intent and purpose so formed, she did dispose of the land to her children for the purpose of avoiding her obligation.

The facts in this case bring it clearly within the rule announced in *Bird v. Jacobus,* 113 Iowa, 194; *Gregory v. Bowlsby,* 115 Iowa, 327.

In the last case cited above it is said that, ''if . . . there was a fraudulent intent in procuring the deed without intention to hold the land as agreed, and, pursuant to that intent, the grantee disposed of the property, or otherwise repudiated his agreement, equity will take from the wrongdoer the fruit of his deceit by declaring a constructive trust,'' and the party so receiving the title will be held a trustee *ex maleficio.*

The ground and essence of the fraud is the existence of the intent, at the time of the promise, not to perform it, and we gather from this record not only that Margaret made the promises alleged to have been made by her, as an inducing cause to the conveyance, but also that she made them for the purpose of procuring this conveyance to her, with the intent in her mind at the time not to perform the promises, but to repudiate them, and thereby cut off and defeat the rights of these plaintiffs in their father's property.

A mere failure to perform a promise, honestly made, will not constitute such fraud as will justify a court in decreeing a constructive trust. It is a fact, though, to be considered by the court in reaching its final conclusion. The gravamen of the offense is the intent to deceive, the bad faith, the securing of an advantage under a false promise, made without intent to perform; made to secure the performance of the act, the performance of which results in benefit to the promisee, with

intent to repudiate the obligation upon which the promise rests, to the prejudice of another.

In the case of *Wood v. Rabe,* 96 N. Y. 426 (48 Am. Rep. 640), a case in which a son was induced by the parol promise of his mother to confess a judgment in her favor, and allow her to purchase under it a piece of his real estate, it was held that a constructive trust arose, and in that case it was said:

It was, on the part of the son, the case of a confidence induced, not by the bare promise of another, but by the promise and the confidential relations enjoined. The confidence, in fact, has its spring and origin in the relation, and that relation was a controlling ingredient moving his action. It would be a gross wrong to permit that confidence to be betrayed, and we are of the opinion that the statute of frauds cannot be invoked as a bar to relief. The principle that, when one uses a confidential relation to acquire an advantage which he ought not, in equity and good conscience, to retain, the court will convert him into a trustee, and compel him to restore what he has unjustly acquired, or seeks unjustly to retain.

No actual consideration passed from Margaret to Elvis for the deed executed by him to her. There was no consideration given for the execution of the deed to her children, except that which can be found only in the promise made which she now repudiates, a promise which, this record makes it appear, was given to induce the execution of these instruments; a promise that has never been performed; a promise that she never intended to perform at the time it was made. She has parted with nothing. They have parted with nothing. They are seeking to hold the title to land under a conveyance fraudulently obtained by means of a false promise and agreement which, at the time, she had no intention of performing, and which she has since repudiated, and does now repudiate. She is therefore a trustee *ex maleficio,* and the court rightly so held, and her children, having paid nothing for the conveyance to them, stand in no better position than she stood at the

time this action was commenced. See, also, *Gregory v. Bowlsby*, 126 Iowa, 588.

It is next contended that this action is barred by the statute of limitations. This contention has no support in the evidence. It appears that the second deed, executed on the 11th day of August, 1903, was never delivered. It was, at the time of the trial, in the possession of the witness E. E. McColl, and produced by him upon the trial, together with the paper attached thereto. It remained in his possession at all times after its execution, and never was delivered to these defendants. If these children, the defendants, have any right at all, it is based on the deed of December 24, 1907, and this suit was commenced less than five years from that date, and within two years after the death of the said Elvis Stout.

For discussion of this question see *Reynolds v. Summer*, 126 Ill. 58 (18 N. E. 334, 1 L. R. A. 327, 9 Am. St. Rep. 523) ; *Fawcett v. Fawcett*, 85 Wis. 332 (55 N. W. 405, 39 Am. St. Rep. 844).

Upon the whole record, we think that the judgment of the court was right, and is therefore *Affirmed*.

LADD, C. J., and DEEMER and WITHROW, JJ., concur.