NELLIE S. BUCHNER, Appellee, v. MARIETTE A. CANNELL et al., Appellants.

**LIMITATION OF ACTIONS:** Disavowal of Trust. The statute of limitations begins to run against a constructive trust from the

time the trustee clearly brings home to the *cestui* that the trust is disavowed and repudiated.

*Appeal from Jackson District Court.*—F. D. LETTS, Judge.

## JANUARY 20, 1920.

THE trial court decreed appellant was, in law, a trustee, to pay appellee a sum of money given appellee by an ineffective codicil, and, therefore, defendant and appellant appeals.—*Reversed.*

*C. W. Farr, W. H. Palmer,* and *J. E. E. Markley,* for appellants.

*H. M. McCaskrin* and *R. W. Olmsted,* for appellee.

SALINGER, J.—I.    T. E. Cannell made his will on July 7, 1873.    On February 6, 1879, he attached the following codicil:

"To my adopted child Nellie S. Cannell, I wish to give $5,000, when she is twenty-one years old.    Having full confidence that my relatives will see this part of my will complied with, I do not get any witnesses to it.    T. E. Cannell."

He died on February 16, 1889; and, on March 27th of that year, said will was admitted to probate.    The plaintiff is an orphan.    She came into the family of Cannell when of very tender years, and remained there at least until Mr. Cannell died; and she was at that time 17 years old.    It may be assumed that Mr. Cannell and his wife treated plaintiff as their child.    But plaintiff ultimately concedes, and the court found, that she was never adopted. It is admitted and found that the codicil, being unwitnessed, is not effective as a testament, and that plaintiff takes nothing by will.    She bases her claims upon allegations that, between February 6, 1879, when the codicil was signed, and February 16, 1889, when Cannell died,

he and his wife, the defendant, had many conversations as to the $5,000 provision in said codicil; that defendant, during all of said time, acquiesced in the same; that defendant impliedly and expressly promised her husband that she would honor said provision by paying plaintiff said sum out of such property as defendant would take under said original will, when plaintiff became twenty-one; that, after plaintiff reached that age, she frequently demanded of defendant that she perform this promise made to T. E. Cannell; that thereupon, defendant, said Mariette A. Cannell, promised plaintiff that she would pay the same; that, from time to time and year to year, up to four years ago, defendant promised to pay the same, promised that, when the plaintiff was old enough to take care of the money, defendant would give it to the plaintiff, promised to do what was right, and acknowledged that the $5,000 was due and owing to plaintiff. It is further alleged that, later, the defendant refused, and still refuses, to pay the same, although the plaintiff has long since passed the age of 21 years, and although the defendant received property, both personal and real, from the estate of said Thomas E. Cannell, deceased, of value greatly in excess of $5,000.

The prayer is that the court find and declare that said provision in said codicil, "under the intention of said testator and the promise of said defendant, created a trust fund of $5,000 in favor of plaintiff, due to be paid to plaintiff by the defendant at the time when plaintiff should be 21 years old; that said Mariette A. Cannell holds the same as trustee for the plaintiff; that defendant be ordered forthwith to pay to plaintiff the sum of $5,000, together with lawful interest upon the same from the date that plaintiff attained the age of 21 years; and for such other and further relief as may be adjudged equitable in the premises."

The decree impresses no trust, but finds that a trust

was created, and, upon that finding, entered a money judgment against appellant in $5,000, with interest from June 19, 1893.

Defendant, for one answer, asserts laches, and alleges that the cause of action stated did not accrue at any time within 5 years preceding the commencement of plaintiff's action, and is, therefore, barred.

II.   The suit was begun some 27 years after the death of T. E. Cannell, the maker of the so-called codicil.   The arguments take a wide range.   But, if the suit is barred by laches or the statute of limitations, there is an end. We will assume that plaintiff has not been guilty of laches, and may assume that her suit is on this head controlled by cases such as *Light v. West,* 42 Iowa 138, 141; *Cotton, v. Wood,* 25 Iowa 44; and *Zunkel v. Colson,* 109 Iowa 695, 699.   The testimony is mainly that of the parties, and is in flat conflict; and we are most gravely in doubt on whether plaintiff has proved the promises she alleges.   But neither laches nor weakness of evidence needs extended consideration, if the statute of limitations stands in the way of a recovery.   And to whether it does, we now address ourselves.

2-a

Proceeding by elimination, we have to say there is no plea that the statute is tolled, and there is no evidence of anything that could operate to toll it.   The only thing that could be tortured into a written promise or recognition is presented by testimony of plaintiff, as a witness, that, near Christmas, in 1909, she received a letter from defendant, which she has destroyed.   That letter enclosed a $5 bill, and stated that the same was a small amount of the $5,000 that plaintiff's father had left her.   The defendant admits sending the $5 bill, but says it was sent purely as a Christmas present.   On the question of veracity as to the contents of the letter, to put it mildly, there is nothing in the

record upon which it can be held that plaintiff is more credible than defendant. Aside from that, the season at which the remittance was made, and its insignificant size, preclude the idea that it was treated by anyone as a payment on account of this $5,000 claim. What is more, even upon the version of the plaintiff, the letter is not an admission that the defendant promised to pay the $5,000 out of the property bequeathed to her by the will of her husband. Be all this as it may, there is, as said, no assertion in pleading that the statute was tolled. The theory of the defendant and of the trial court is that the statute never started to run, because defendant was a trustee, led plaintiff to believe that the trust was acknowledged by her, and made no clear disavowal and never clearly repudiated the trust until March, 1912, less than 5 years before plaintiff began this suit. The question whether the decree can be sustained, then, turns upon when there was a clear disavowal and repudiation.

Where, in constructive trusts, as between the parties the holding of the trustee is clearly adverse, and the equitable owner knew it, and there were circumstances which gave clear notice of the adverse attitude, both laches and the statute of limitations may be interposed. *Buttles v. DeBaun,* 116 Wis. 323. Indeed, it is elementary that the statute does run from the time the trustee clearly brings home to the *cestui* that the trust is disavowed and repudiated. Now, the plaintiff does testify that, up to March, 1912, the defendant made repeated promises, recognized the trust, and frequently made excuses for failing to execute it. All this the defendant denies. So far, the plaintiff fails to make out her case by a preponderance. This remains true unless, upon consideration of all the evidence, it may fairly be held that the testimony of the plaintiff in this respect has support, either by other and credible testimony, or by the circumstances disclosed by the evi-

dence. Instead of there being such supporting testimony, it is most clearly and affirmatively made to appear 'that notice of utter repudiation was clearly given the plaintiff long before March, 1912, and greatly more than 5 years before she brought this suit. In 1900, plaintiff was living in Chicago, and instituted a suit against defendant in which she filed a petition, verified by herself. In this petition she bases her claim under the codicil on the assertion that the codicil was written to pay her for her services as a servant in the Cannell family, and "for the purpose of paying her for her services and for the purpose of creating a trust upon the estate of Thomas E. Cannell for that purpose." The petition asserts that she has demanded payment, and that the defendants (this time five) "had notice and knowledge of the creation of the trust; that each of the five accepted the legacies under the will with the knowledge thereof, and impliedly, if not expressly, promised to pay petitioner said sum." She alleges further that she is 21 years old; has demanded payment from said trustees of said $5,000 due her; and that defendants had refused and still refused to pay her the said sum; that it is due her, and she asks judgment against the defendants for that sum, and that the same be made a lien upon the property of the estate of Mr. Cannell, or such portion thereof as has been received and is now possessed by said defendants. On November 13, 1900, plaintiff filed in this cause an affidavit, sworn to on November 16th, in which she states that, after the death of Thomas E. Cannell, the defendant in this suit "refused to pay me any portion of the money which my father had trusted her with, or requested her to see paid me, and refused to longer provide me with a home or furnish me support." On June 4, 1901, plaintiff filed an amended and substituted petition, verified by her on May 28, 1901, this time eliminating the four other defendants, and retaining only the defendant in this suit. In this pe-

tition she alleges that Thomas E. Cannell and his wife, this defendant, both agreed to adopt the plaintiff; that they negligently, designedly, or fraudulently refused to adopt her according to law, which defeated her right to inherit; that Thomas E. Cannell made a will and gave his wife all his property, which was of the value of about $30,000, during her life; that this will was admitted to probate, except a codicil, which was not probated or treated as any part of said will, because the codicil was not witnessed. The petition asserts that this created a trust; that defendant had full knowledge of the facts set forth; received the whole of the estate of her husband, well knowing that said estate was charged or to be charged, and so intended to be charged by the deceased, with payment to petitioner of the sum of $5,000; and received the property charged with said trust, and expressly and impliedly received and now holds said property charged with said trust and the payment of said sum; that she has acknowledged the existence of the trust, and received said property in consideration of said trust, and charged therewith. It is further alleged that defendant has refused and still refuses to pay petitioner any portion of said sum of $5,000, because said intended bequest was not duly witnessed so as to become a part of said original will; and that, in violation of the confidence reposed in her by said deceased, and for the purpose of cheating and defrauding the petitioner, and in fraud of the confidence in her by said deceased, insists that no portion of said intended bequest shall be given the petitioner. She avers further that she has arrived at the age of 21, and was of that age when she demanded the payment of said sum from defendant. She prays that the trust be established; that defendant be decreed to pay her said sum from the estate of deceased which defendant now enjoys, and that plaintiff have interest from the time she made demand.

On October 3, 1902, plaintiff filed amendment to pe-

tition, in which she alleges that, in November or December, 1897, she had a good and valid claim against the estate of T. E. Cannell, deceased, and against the present defendant, as administrator; that, about this time, she and defendant agreed, orally, that, if plaintiff would not make any claim against said estate, nor institute proceedings to enforce same, defendant would *personally* pay plaintiff the said sum of $5,000. She alleges that she has performed this agreement on her part, and that defendant has failed and refused to pay her the said sum, or any other sum. On December 3, 1902, she filed an amendment to amendment, wherein she claims that Thomas E. Cannell willed all his property to defendant and appointed her administratrix; that she, plaintiff, possessed a valid claim against the estate, and was about to file it and to bring proceedings to enforce the same; that defendant was then in possession of a large part of the estate, as legatee; and that, to avoid this litigation, and to prevent petitioner from asserting said claim against the estate and the interest of the defendant in the estate, defendant orally agreed with plaintiff that, if the latter would not file said claim, and not seek to subject the interest of defendant to the payment of the claim, and put her to the trouble and expense of defending, that defendant would pay plaintiff the amount of her said claim, to wit, the sum of $5,000, with interest; and that plaintiff did not file her claim. It is the fact, for whatever it may be worth, that, sometime in 1903, the suit instituted in 1900 was dismissed. It is not clear, nor do we think it very material, how it came to be dismissed.

It is made clear beyond discussion that, upon the sworn statements of the plaintiff, she was clearly advised, some 15 or 16 years before she instituted the present suit, that whatsoever claim the plaintiff was making against the defendant was being denied, and that whatever trust relation there might have existed was repudiated.

The plaintiff makes no claim in her pleadings that, while a repudiation may have been brought home to her as early as 1900 or 1901 or 1902, that thereafter the trust relationship was resumed, and that the resumed relation was not repudiated until 1912. The entire theory of the plaintiff's case is bottomed on the position that there was but one repudiation, and that it came so late as that the suit before us is not barred. We are abidingly satisfied that, not only has the plaintiff failed to prove that the repudiation came so late as that, but that it is overwhelmingly shown disavowal and repudiation were brought home to plaintiff so long before she instituted this suit as that the suit must be held to be barred by the statute of limitations.

It follows that the decree must be reversed. Decree will be entered here, dismissing the petition of the plaintiff.—*Reversed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.