Isaac Wagner, Appellant, v. Standard Seed Tester Company et al., Appellees.

**LIMITATION OF ACTIONS: Fraud—Accrual in Absence of Fiduciary Relation.** An action for false representations in the sale of corporate stock, being cognizable in either law or equity, accrues (no fiduciary relation appearing) when the representations are made.

*Appeal from Winneshiek District Court.*—W. J. Springer, Judge.

December 15, 1922.

Appeal from judgment against plaintiff for costs entered on a ruling sustaining defendant's demurrer to the petition of plaintiff. Plaintiff appeals.—*Affirmed.*

*E. W. Cutting,* for appellant.

*C. N. Houck* and *Willett & Nelson,* for appellees.

De Graff, J.—This is an action in equity by a stockholder

in the defendant corporation to cancel his certificates of stock and for a money judgment for the amount of his investment therein. Plaintiff alleges fraud and misrepresentation in the sale of the stock to him, and by an amendment charges that the defendants concealed from him "the true facts as set out in his petition" and that the defendants subsequent to the time of the purchase of said stock "did not do anything to advise plaintiff as to the real facts as to any such things, or as to the fraud contained in the alleged statements, representations and acts as alleged, and thereby concealed all of the same from plaintiff."

Briefly stated, the petition alleges that the plaintiff on July 8, 1915 purchased ten shares of preferred capital stock at par value of the defendant corporation, and at said time received ten shares of the common stock of said company; that the stock was issued to plaintiff on said date; that he paid therefor by executing his note for $1,000 which note was later fully paid; that the plaintiff thereafter held and retained said stock; that the defendant corporation and defendant Walter C. Adams president of said company misrepresented said stock at the time of its sale and that the said fraud and misrepresentations were contained in a prospectus and in oral statements made to the plaintiff by the defendant Adams prior to the purchase of said stock.

In view of the conclusion reached it is unnecessary to detail the alleged misrepresentations. A demurrer was interposed by the defendants predicated on the ground that the statute of limitations barred the action. The only question presented on this appeal involves the correctness of the ruling of the trial court on the demurrer.

Was plaintiff's action barred at the time of the commencement of this action? The law of this case has found frequent expression in the decisions of this court, and the disposition of this appeal rests on the application of that law to the material facts which must be considered as admitted by the filing of the demurrer.

If it may be said under the pleaded facts that Code Section 3448 is applicable, then the demurrer should have been overruled. In other words, if the fraud pleaded is within the purview of this section and therefore solely cognizable in a court

of equity, then the statute of limitations which would otherwise find application does not bar the action.

Under early chancery jurisprudence and practice a certain class of rights with appropriate remedies were recognized that occupied a sort of legal no man's land in order to redress injuries outside the pale of judicial cognizance in law actions. In recognition of this form of relief our legislature enacted the following statute: ''In actions for relief on the ground of fraud or mistake, * * * the cause of action shall not be deemed to have accrued until the fraud, mistake * * * complained of shall have been discovered by the party aggrieved.'' Code Section 3448.

The true test of the applicability of this statute to pleaded facts is whether a court of equity before the enactment of the statute had exclusive jurisdiction to grant the relief prayed. *Higgins v. Mendenhall,* 51 Iowa 135; *McKay v. McCarthy,* 146 Iowa 546; *Dickinson v. Stevenson,* 142 Iowa 567; *Fleener v. Nugent,* 185 Iowa 701; *Tilton v. Bader,* 181 Iowa 473; *Birks v. McNeill,* 185 Iowa 1123.

Waiving for the moment the element of fiduciary relationship between plaintiff and defendants there can be no question that the instant action is founded upon fraud and deceit, and at most the relief prayed is concurrently cognizable at law and in equity. Five years bars the action and taking into consideration the date of the transaction and the commencement of this suit the action is barred.

'Was there a fiduciary relationship between the parties? If yea, the silence of the defendant corporation through its president amounted to a fraudulent concealment so as to toll the statute of limitations. *Faust v. Hosford,* 119 Iowa 97; *Caffee v. Berkley* 141 Iowa 344.

Officers and directors of a corporation stand in a fiduciary relation to its stockholders. *Dawson v. National Life Ins. Co.* 176 Iowa 362. If this relationship existed between the plaintiff and the defendants then the position and claim of appellant must be recognized. The difficulty lies in the fact that neither at the time of the transaction upon which the allegations of fraud are predicated, nor at any time thereafter, did a fiduciary relationship exist between the parties as to the transaction in

suit. This in itself precludes the duty as charged on the part of the defendants to speak and therefore mere silence does not amount to fraudulent concealment. *Gamet v. Haas,* 165 Iowa 565. It clearly appears that these parties were dealing at arm's length and therefore the rule of *caveat emptor* applies. Construing, as we must, that the instant action sounds in fraud and deceit, and is not solely within the jurisdiction of chancery, the ruling of the demurrer was right and the judgment entered is therefore—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.