SARAH E. ELIASON et al., Appellants, v. JESSE STEPHENS et al., Appellees.

No. 41622.

FEBRUARY 14, 1933.

REHEARING DENIED JUNE 23, 1933.

Edward J. Dahms, D. N. Johnson, and Donnelly, Lynch, Anderson & Lynch, for appellants.

J. G. Kammerer, for appellees.

ANDERSON, J.—On the 21st day of August, 1931, plaintiffs-appellants filed their petition in the district court of Muscatine county, Iowa, and later an amendment thereto, alleging substantially as follows: That one Lewis Eliason died intestate during the year 1928, seized of certain real property situated in the county of Muscatine and state of Iowa; that the described real estate was subject to a mortgage incumbrance in the sum of $8,000 held by the Northwestern Mutual Life Insurance Company of Milwaukee; that the

plaintiffs are respectively the widow and heirs at law of the said Lewis Eliason, deceased; that in October, 1928, the said mortgagee commenced an action to foreclose its mortgage, and on May 15, 1929, obtained judgment and a decree foreclosing. Execution was issued upon the said judgment, and the mortgaged property was sold on June 28, 1929, and bid in by the insurance company for the sum of $8,250.04; that prior to the time sheriff's deed was due under the certificate of sale, Jesse Stephens (one of the defendants and appellees herein) acquired said certificate by assignment on or about March 19, 1930, by filing in the office of the clerk of the district court an affidavit executed by him for the redemption of said premises, a copy of which affidavit is attached to and made a part of the petition; that the "said Jesse Stephens, thereby, effectuated redemption of said property and obtained a certificate of sale, and on or about the 28th day of June 1930 obtained a deed under said certificate for the premises involved". That as a basis for his right to make such redemption, the said Stephens alleged and claimed, in said affidavit, that he was the lawful owner of a certain note signed by Lewis Eliason payable to the Citizens Savings Bank of Letts, Iowa, in the sum of $8,000, upon which the sum of $2,000 had been paid; that said note was secured by second mortgage upon the real estate referred to; and that the said Stephens effectuated said redemption and obtained the sheriff's deed solely by virtue of the allegations made in his affidavit for redemption. The plaintiffs alleged that the said Stephens had not acquired ownership of the note as claimed by him in his affidavit for redemption, that he had simply made a bid for the purchase thereof, but that the district court, having jurisdiction of the receivership of the said Citizens Savings Bank of Letts, Iowa, had not approved said offer and had not authorized the sale of the said note to the said Stephens; that on or about February 13, 1931, and long after the year of redemption had expired under the said foreclosure sale, said district court of Louisa county, Iowa, having jurisdiction of the receivership of the said Citizens Savings Bank of Letts, approved the sale of the said note by the said receiver to Walter Weber, administrator of the estate of Lewis Eliason, and that a written assignment of said note was executed by the said receiver, copies of which note and assignment are attached to plaintiffs' petition; that the said Walter Weber, administrator, acquired the said note for the use and benefit of the plaintiffs, and that the plaintiffs are now the lawful owners

of said note; that at the time of the redemption and acquiring of the sheriff's deed by the said Stephens, he (Stephens) well knew and fully understood that he had not acquired the ownership of the said note upon which said redemption was made by him, and that the allegations of his affidavit for redemption were false and so known to be; and that said redemption was a fraud upon the rights of the plaintiffs. The plaintiffs further alleging that the alleged ownership of said premises so acquired by the said Stephens inured to the benefit of the plaintiffs, and that the said Stephens now holds the record title as trustee for the use and benefit of the plaintiffs; that the defendants and each of them make some claim adverse to the petitioners, and plaintiffs ask that said defendants be barred and estopped from having or claiming any right, title, or interest to the premises adverse to plaintiffs.

That the defendant Mrs. Jesse Stephens, is the wife of Jesse Stephens, and has a contingent right of dower in the real estate involved; that the said Jesse Stephens claims to be the owner of said premises adverse to the interests of plaintiffs, and plaintiffs ask judgment and decree quieting their title to said premises, subject to the amount paid by the said Jesse Stephens to effectuate said redemption, and that the court determine and adjudicate the plaintiffs' rights pertaining to said premises, and that the court decree that plaintiffs are the owners of said premises subject to the amount that said Jesse Stephens paid in making the said redemption, and that the court find and decree that the said Stephens is not the lawful owner of said premises, but that he holds the same as trustee for the plaintiffs, and that plaintiffs have such other and further relief as is equitable, and that the court make proper orders, findings, and decrees for the payment by these plaintiffs of the amount paid by said Jesse Stephens for redemption, and fix the time within which the same shall be paid.

Attached to the petition as an exhibit is the affidavit of Jesse Stephens substantially setting forth the following facts: Jesse Stephens on oath states that he is the owner and holder of a mortgage lien upon all of the following described real property situated in Muscatine county, Iowa (description of property), owned by the defendants, Walter F. Weber, administrator, etc., and the heirs of Lewis Eliason, deceased (naming them), which real estate so described was sold by the sheriff of Muscatine county, Iowa, on the 28th day of June, 1929, to the Northwestern Mutual Life Insurance

Company for $8,257.04 under special execution upon a judgment recovered by the said insurance company against the said named defendants; that the sheriff's sale from which Jesse Stephens desires to redeem is fully set forth in Sheriff's Sale Book F at page 136; the record of said sale being made a part of the affidavit by reference.

That the lien of the said Jesse Stephens upon the real estate above described is by virtue of a certain mortgage made, executed, and delivered by John T. O'Brien et al. to Lewis Eliason to secure three written promissory notes aggregating $30,000, which mortgage was recorded in Book 64 of Mortgages at page 374 in the recorder's office of Muscatine county.

That the said Lewis Eliason made and delivered his one promissory note to the Citizens Savings Bank of Letts, Iowa, on or about September 22, 1923, for $8,000, and that to secure the payment thereof the said Eliason assigned and conveyed the said $30,000 in notes together with the mortgage securing the same. to the said Citizens Savings Bank; that L. A. Andrew was appointed receiver of the Citizens Savings Bank by the district court of Louisa county, and the said $8,000 note and the three notes aggregating $30,000, together with the mortgage securing the same, came into his hands as such receiver.

That on or about the 18th day of February, 1930, the said receiver, under an order of court, assigned and sold said $8,000 note together with said three notes aggregating $30,000, together with the mortgage securing the same, and on the 26th day of February, 1930, duly assigned by writing the said mortgage above referred to, which assignment is of record in Book 75 of Lands on page 478, in the records of Muscatine county, Iowa; that said assignments were made to one J. G. Kammerer as trustee for Jesse Stephens, this affiant; that the said promissory note of $8,000 (with an indorsement thereon of $2,000 paid); together with the mortgage securing the said $30,000 in notes, is the property of Jesse Stephens; that the same is past due and wholly unpaid; and that there is due thereon as of March 19, 1930, the sum of $8,159.86, and the costs of suit taxed at $297.55.

That said Jesse Stephens is willing to hold the real estate above described and to credit said Walter F. Weber, administrator (and the named heirs of the said Lewis Eliason), with the full amount of

said lien, including the interest and costs, to the date of filing this affidavit.

"That as the holder of a junior lien upon said real estate, the said Jesse Stephens now offers and does redeem from the sheriff's sale aforesaid by paying to the Clerk of said Court" the amount of the sheriff's certificate of sale together with interest, costs, and accruing costs, and he "demands an assignment to him of the certificate of sheriff's sale issued to The Northwestern Mutual Life Insurance Company, as by law provided."

Later the said Stephens filed an amendment to his affidavit for redemption stating that through error or oversight the amount paid for his redemption was insufficient, as it omitted the payment of certain taxes, and to cure said error and perfect said redemption the said affiant paid an additional amount to said clerk to cover such omission, making a total amount paid by him on said redemption of $9,247.18.

Attached to plaintiffs' petition is the assignment therein referred to, which is substantially as follows:

"That the undersigned, L. A. Andrew, Receiver of the Citizens Savings Bank of Letts, Iowa, have this day sold, at public auction, pursuant to notice heretofore served and published, to Walter Weber, Administrator of Lewis Eliason estate. the interest of the undersigned receiver in the Lewis Eliason $6,000 promissory note. The said Walter Weber, Administrator, having bid and paid for the assignment the sum of $1,000 he being the highest bidder therefore. Dated the 7th day of February 1931."

On September 8, 1931, the defendant Jesse Stephens filed his motion to dismiss plaintiffs' action in substantially the following form and as ground therefor states:

That the plaintiffs have failed to plead a cause of action or to plead an issuable fact, or to plead any fact on which a trial may be predicated, and have failed to set forth the nature and extent of their estate.

That it appears from plaintiffs' petition that the year of redemption of said real property from the foreclosure sale is long past, and was long past at the time plaintiffs claimed they acquired the said $8,000 note.

That it clearly appears from the petition that plaintiffs owned

the freehold estate in said real property therein described, and that under the laws of the state they had a legal right for a period of a year to redeem said property from said foreclosure sale; that they had full time to protect any interest or right that they may have had in said real property, but that they failed to do so to their own prejudice; that it does not appear in plaintiffs' petition that the acts and deeds of the defendant in any way prejudiced the rights of the plaintiffs in and to said real property, or their rights to redeem from said foreclosure sale.

That it clearly appears in plaintiffs' petition that the mortgage of the Northwestern Mutual Life Insurance Company was foreclosed and the property sold thereunder on June 29, 1929, and plaintiffs did not acquire the $8,000 promissory note until February 7, 1931, more than a year after the date of sale of said real estate and long after the time in which they could have made redemption based on an interest in said $8,000 promissory note.

That it clearly appears that the said Walter Weber, administrator of the Lewis Eliason estate, acquired the said $8,000 note, which was owed by the estate of the said Lewis Eliason, and that all the administrator did, if anything, was to pay the debt of said estate by purchasing some interest, if any, in said note.

That it does not appear in plaintiffs' petition that plaintiffs could have redeemed said real estate because of the purchase of said $8,000 note.

That it clearly appears that plaintiffs are not entitled to the relief demanded in their petition, or to any relief, for the reason that they challenged the redemption made by the defendant Jesse Stephens as fraudulent, but ask that said redemption as made be confirmed, and that all the rights thereby and therein acquired by said Jesse Stephens inure to the benefit of the plaintiffs, and the title thereof held in trust by him for the plaintiffs.

That the plaintiffs failed to state that the redemption of the real property by the defendant Jesse Stephens prejudiced any of plaintiffs' alleged interest in said real property, nor do the plaintiffs state that the acquisition of the certificate of sale by the defendant Jesse Stephens in any way prejudiced any claimed right of plaintiffs in said property.

That it clearly appears in plaintiffs' petition that the said Jesse Stephens had a legal right to purchase the certificate of redemption

and to take a deed thereunder at the end of the period of one year from the date of sale.

That if plaintiffs had a right to redeem from said foreclosure sale and failed to do so, they are guilty of laches, and are not in a position to attempt to indirectly acquire the title to this real property from this defendant and that they cannot now challenge the conduct of the said Jesse Stephens for the reason that whatever he did in respect to the acquisition of the title to the real estate involved, such did in no way prejudice any right claimed by the plaintiffs.

On the 4th day of November, 1931, the court sustained defendants' motion to dismiss plaintiffs' petition, giving plaintiffs fifteen days to plead over, and on the 12th day of November, the plaintiffs having filed notice of their election to stand upon their petition and refused to plead over, judgment was entered by the court dismissing plaintiffs' petition. From such ruling this appeal is prosecuted.

The plaintiffs rely for reversal upon the facts that Stephens had no lawful right to make redemption, and that he acquired the sheriff's certificate of sale by means of false and fraudulent statements made and set out in his affidavit as a basis of an alleged right on his part to redeem, and that plaintiffs, having acquired the lawful ownership of the junior mortgage lien on or about the 7th day of February, 1931, that any right that the said Stephens acquired by making redemption and obtaining sheriff's sale certificate and sheriff's deed thereunder inured to the benefit of plaintiffs, and that he now holds the title to the premises for the use and benefit of the plaintiffs, the plaintiffs offering in their petition to pay to the said Stephens the amount which he paid in redeeming the property.

The plaintiffs claim in their brief that the matter of the ownership of the note and junior lien securing it was in litigation in the district court of Louisa county and was not determined until February 7, 1931; but this is simply a conclusion which does not appear in plaintiffs' petition and adds nothing to the record facts in the case.

The general rule is that fraud in the procurement of any written instrument vitiates it in the hands of one seeking to benefit thereby, and it is a familiar rule that fraud vitiates every transaction in which it enters, and that equity will interpose to prevent that which, if allowed, would work a manifest fraud, and it is unnecessary to cite authorities in support of these fundamental propo-

sitions. It is also true that equity will construct a trust where one, through actual fraud, abuse of confidence, or questionable means, gains something which in equity and good conscience he should not be permitted to hold.

It is also a well-settled rule that if one person obtain a legal title to property, not only by fraud or by the violation of confidence or fiduciary relations, but in any other unconscionable manner, so that he cannot equitably retain the property, which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner. Teuscher v. Gragg, 136 Okl. 129, 276 P. 753, 66 A. L. R. 143, 149.

And one who acquires property by fraud, misrepresentation, imposition, concealment, or under any other such circumstances as to render it inequitable for him to retain it, is in equity regarded as the trustee of the party who suffers by reason of the fraud or other wrong and who is equitably entitled to the property. Burgan v. Smith, 47 Iowa 286; Hall v. Doran, 13 Iowa 368; Henninger v. McGuire, 146 Iowa 270, 125 N. W. 180; Barnes v. Thuet, 116 Iowa 359, 89 N. W. 1085; Carlson v. Smith, 213 Iowa 231, 236 N. W. 387, 80 A. L. R. 186; Stout v. Stout, 165 Iowa 552, 146 N. W. 474, L. R. A. 1915A, 711.

It is also probably the settled doctrine that where the owner of land is prevented from redeeming from a judicial sale by the fraud of the purchaser or one in privity with him, he may, by resorting to equity, be allowed to redeem after the expiration of the period on such terms as may be just and equitable; but good conscience, good faith, and reasonable diligence are necessary to be shown before relief will be granted by a court of equity.

We have, in this case, the alleged fraud of the defendant Stephens in making the redemption, and also the good faith and reasonable diligence of the plaintiffs in their acts and conduct and in asserting their rights, if any.

The following sections of the 1931 Code in reference to redemption provide:

Section 11774 provides that the debtor may redeem real property at any time within one year from the date of sale, and for the first six months and the last three months of said period his right of redemption is exclusive.

Section 11789 provides that when redemption is made by a junior lienholder he must file an affidavit in the office of the clerk stating the nature of his lien and the amounts still due and unpaid thereon, and the following section, 11790, provides that if he is unwilling to hold the property and credit the debtor the full amount of his lien, he must state in such affidavit the amount he is willing to credit.

Section 11792 provides that if any question arises as to the right to redeem, or amount of any lien, the person claiming such right may deposit the necessary amount therefor, accompanied with the affidavit above required, and also stating the nature of such question or objection.

The appellees in their brief and argument recite the date of the purchase by them of the junior lien from L. A. Andrew, receiver, but there is no evidence in the record of such fact other than as contained in the affidavit filed by the defendants at the time they attempted to make redemption. The appellees contend that the plaintiffs are guilty of laches, as shown by their petition, for the reason that they had a legal right to redeem within one year following the sale, and that they never exercised or attempted to exercise such right; that they do not claim to have ever made any offer of redemption or tender of the amount necessary therefor during the period of redemption, or at any time thereafter, and that they made no request upon the defendant respecting any claimed right of redemption, or conveyance of the title to the property involved; and that the plaintiffs have speculated upon their right to equitable relief for more than eighteen months and have never attempted any assertion of their rights until the bringing of this action. And there is no claim that the plaintiffs attempted a redemption, or that they were prevented from doing so, within the statutory period.

The acquiring of the junior lien by the plaintiffs served no purpose, and placed them in no better position to exercise their right of redemption than they already had as title holders. The plaintiffs had a plain and adequate remedy under Code section 11792, if there was a controversy as to who had the right of redemption. They did not act under that section, nor did they attempt, in any manner, to protect or perpetuate their right to redeem. This, in equity, would be deemed either an acquiescence or neglect. In either event equity cannot grant relief. We are constrained to hold that the plaintiffs' petition does not state a cause of action, and that

the district court ruled correctly in sustaining the motion to dismiss. —Affirmed.

KINDIG, C. J., and STEVENS, ALBERT, MITCHELL, and KINTZINGER, JJ., concur.