**LIKEN et al. v. SHAFFER et al.**

No. 12697.

Circuit Court of Appeals, Eighth Circuit.

April 17, 1944.

878

Irving B. Campbell, of Chicago, Ill. (Edward J. Dahms, of Cedar Rapids, Iowa, on the brief), for appellants.

Don Barnes, of Cedar Rapids, Iowa (T. M. Ingersoll, of Cedar Rapids, Iowa, on the brief), for appellees.

Before THOMAS, JOHNSEN, and VAN VALKENBURGH, Circuit Judges.

JOHNSEN, Circuit Judge.

The District Court held that a suit by some nonresident stockholders against the officers and directors of an Iowa corporation, to follow assets and for an accounting, was one for relief on the ground of fraud and therefore was barred by subdivision 5 of section 11007, Code of Iowa 1939, as not having been brought within five years.

It further held that, as to two of the plaintiffs, the question also was res judicata, by virtue of the previous dismissal of another stockholders' suit on the same ground, to which the two plaintiffs had been party. See Wilson v. Shores-Mueller Co., D.C.N.D. Iowa, 40 F.Supp. 729. The parties had agreed that the res judicata issue might be disposed of on defendants' motion to dismiss, by stipulating that the court should consider the files and record of the previous suit.

The salient facts of the present complaint follow.

In March, 1931, the majority stockholders of Shores-Mueller Company, of Cedar Rapids, Iowa, entered into a voting trust agreement, under which they were to transfer their stock to certain voting trustees until February 1, 1933. Two of the defendants were among the named trustees. Plaintiffs did not join in the execution of the instrument.

Defendants were made the officers and directors of the corporation by the voting trustees. They took over the management and operation of the corporation and continued to run the business until February 7, 1933. On February 7, 1933, they undertook to throw the corporation into receivership. One of the defendants signed the application and another signed a consent as attorney for the corporation. In this consent situation, they procured an order from the state court appointing another of the defendants as receiver and a fourth as his attorney. The corporation was solvent at the time and able to pay its debts as they matured.

The assets were appraised in the receivership at $97,978.29, which included the sum of $3,241.11 in cash. The receiver obtained an order authorizing a sale on publication of a single newspaper notice. At the sale he struck down the assets to one of the defendants, including the $3,241.11 held in cash, for $7,000, subject to a mortgage of $36,000 on the factory building and real estate which the purchaser was to pay. The receiver had the court approve a deed to the purchaser, and it was duly recorded.

The assets had been purchased on behalf of all the defendants. Since they acquired the corporation's cash of $3,241.11 as part of the sale, the property actually cost them the sum of $3,758.89. They immediately organized a new corporation under the name of Shores Company, to continue the business of the old corporation, with themselves as the officers and directors.

The new corporation made application to the State of Iowa for permission to issue stock to the defendants for the assets thus acquired. This application, which was filed only two months after the receiver's sale, declared that the assets were worth $250,-506.47, subject to a mortgage indebtedness of $34,000. An appraisal was made on behalf of the Executive Council of the State, and the appraisers reported that the property was worth $191,775.93, subject to the $34,000 mortgage. The state authorized the issuance of $150,000 worth of stock for the assets. The new corporation has operated ever since, with the defendants as its officers and directors, and has earned and

paid large dividends to defendants as holders of practically all of the capital stock.

The old corporation never was attempted to be dissolved, and defendants never resigned as its officers and directors. The corporation simply was allowed to become inactive. The complaint alleges that ' plaintiffs have made no efforts to secure any action in the premises from the Shores-Mueller Company [the old corporation] or through its officers or directors, because said officers and directors of said Company are identical with the defendants in this action and any such demand would be a useless and futile thing." Defendants never have called a stockholders' meeting, or made any report or accounting to the stockholders of the old corporation, since they took charge of its affairs in March 1931. The date when plaintiffs learned of the receivership, of the purchase of the assets by defendants, and of the organization of the new corporation is not specifically set out, but the complaint simply states that, ever since plaintiffs learned the facts, they and other stockholders have diligently brought suits to get back their interest in the assets, "but that through technicalities none of said suits have ever been heard upon the merits". For purposes of the question presented on the appeal, however, plaintiffs concede here that they had knowledge of the facts more than five years prior to the institution of the present suit. It further appears that defendants previously have undertaken to enjoin some suits brought by other stockholders in state court.

On the question argued before us, the material portions of the prayer of the complaint are that defendants be declared to be trustees of the stock which they hold in the new corporation, for the benefit of plaintiffs and such other stockholders as may desire to join in the action; that they be required to render an accounting of their control and operation of the assets from the time of their purchase at the receivership sale; and that plaintiffs have such other relief as may be equitable and proper in the situation.

What has been set out above is, of course, simply a statement of the situation alleged in the complaint. The suit, as has been indicated, was disposed of by the District Court as a matter of limitation, on defendants' motion to dismiss. If the facts, however, are as they have been stated in the complaint, the situation hardly is one of fair fiduciary conduct.

The District Court held that the suit was barred by the provision of subdivision 5, section 11007, Code of Iowa 1939, that actions "for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery" must be brought within five years after the cause accrues. Section 11010 adds the qualification that "In actions for relief on the ground of fraud * * * the cause of action shall not be deemed to have accrued until the fraud * * * shall have been discovered by the party aggrieved."

The effort of plaintiffs to follow the assets of the old corporation into the hands of the officers and directors as purchasers at the receivership sale, or to claim an interest in the new corporation, necessarily is an attempt to enforce a constructive trust.[1] The suit thus obviously is one "heretofore solely cognizable in a court of chancery" within the language of subdivision 5 of section 11007, and if it also is required to be classified as one "for relief on the ground of fraud", it would be controlled by the limitation provision applied by the District Court.

It is true that the complaint makes charges of fraud and collusion against defendants in connection with the facts set out, but the facts on their face also show a violation of fiduciary relationship and duty capable of supporting equitable jurisdiction to enforce a constructive trust independent of the existence of fraud. Cf. Southern Pacific Co. v. Bogert, 250 U.S. 483, 488, 491, 39 S.Ct. 533, 63 L.Ed. 1099.

That the officers and directors of a corporation occupy a fiduciary relation to the stockholders is, of course, well settled. Restatement, Restitution, § 190, Comment a; 3 Fletcher, Cyclopedia Corporations, Permanent Edition, § 838; Dawson v. National Life Ins. Co., 176 Iowa 362, 157 N.W. 929, L.R.A. 1916E, 878, Ann.Cas.1918B, 230; Wagner v. Standard Seed Tester Co., 194 Iowa 1330, 191 N.W. 314. Their acts are accordingly "subject to close scrutiny

---

[1] "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." Per Judge Cardozo in Beatty v. Guggenheim Exploration Co., 225 N.Y. 380, 386, 122 N. E. 378, 380.

by the courts, and must be in the utmost good faith and fair." Wabash R. Co. v. Iowa & S. W. R. Co., 200 Iowa 384, 202 N.W. 595, 599. Under Iowa law, officers and directors are not prohibited from purchasing property belonging to the corporation, but their actions will be examined in the light of their fiduciary responsibility, and the transaction may be set aside on slight grounds as being unfair in the relationship. See Hallam v. Indianola Hotel Co., 56 Iowa 178, 9 N.W. 111.

Whether the receivership and sale in the present case were fraudulent or not, it would be unfair on its face, as a matter of fiduciary relationship and duty, for the officers and directors of a corporation, without the knowledge and consent of the stockholders, to bid in the corporation's assets, worth $100,000 to $150,000, for a net sum of $3,758.89, and to be permitted thereby to take over the business and continue it in a new corporation to the exclusion of the old stockholders. Any such staggering and immediate gain to the officers and directors as a direct loss to the stockholders, except with their consent, would be inequitable as a matter of fiduciary relationship and duty alone. A fiduciary can not shift momentarily into a wholly arm's-length position, where his duty to the beneficiary still remains. The unfairness of the situation here is accentuated by the fact that, since all the officers and directors were involved in the purchase, there was no fiduciary remaining to represent the interest of the stockholders in seeking to have the sale set aside—a step which, reason suggests, would probably have been attempted if the property had been struck down to an outside purchaser for such a price. The observation of the Iowa court in the Hallam case, 9 N.W. at page 112, is pertinent here, that "the enterprise has certainly come to a very remarkable result", and one which the officers and directors as fiduciaries were charged with the duty "of making a reasonable effort to prevent".

■ Hence, as we have indicated, while the complaint charges that defendants have acted fraudulently, it also clearly states a cause of action cognizable in equity on the ground of violation of fiduciary relationship and duty by unjust enrichment, without regard to the existence of fraud either actual or by artificial theory. Fiduciary relationship in the nature of a trust—such as is the position of officers and directors with respect to corporate property—

is as basic a ground of equitable jurisdiction as fraud itself. " * * * an element of trust * * * always confers jurisdiction in equity." Oelrichs v. Spain, 82 U.S. 211, 228, 15 Wall. 211, 21 L.Ed. 43. "The jurisdiction of a court of equity to interfere in all cases involving such an ingredient, is too clear to require any citation of authorities. It rests upon an elementary principle of equity jurisprudence." Morgan v. City and Town of Beloit, 74 U.S. 613, 619, 7 Wall. 613, 19 L.Ed. 203. The jurisdiction may be exercised to examine a fiduciary's purchase of any property connected with the trust relationship, and, among other things, to test the fairness and reasonableness of the transaction and the result in the light of the fiduciary relationship and duty. Restatement, Restitution, §§ 190, 191, 192. If an unjust enrichment exists on the basis of the fiduciary relationship and duty, equity may grant relief on that ground alone, without resort to its general jurisdiction over fraud. The fact that the evidence to show the inequitableness of the transaction or the unfairness of the result as a matter of fiduciary relationship and duty may also demonstrate the existence of fraud does not require that the court's jurisdiction be cast in the realm of fraud or that the action be classified as one "for relief on the ground of fraud." Cf. Tilton v. Bader, 181 Iowa 473, 164 N.W. 871, 873.

It is sometimes loosely said that the source of the jurisdiction to impose a constructive trust is fraud. Thus Professor Pomeroy states: "An exhaustive analysis would show, I think, that all instances of constructive trusts properly so called may be referred to what equity denominates fraud, either actual or constructive, as an essential element, and as their final source." 4 Pomeroy's Equity Jurisprudence, 5th Ed., § 1044. Professor Scott, however, in his work on Trusts, points out the inaccuracy of this concept: "Thus it is frequently said that a constructive trust is imposed as a remedy for fraud. * * * But there are numerous situations in which a constructive trust is imposed in the absence of fraud, as for example in the case of mistake, or in the case of a profit made by a fiduciary even though he has not acted fraudulently, or in the case of an innocent donee of property in which another has an equitable interest." 3 Scott on Trusts, § 462.

He summarizes the situation as follows: "A constructive trust, as I have said, is imposed in order to prevent unjust enrich-

ment. This unjust enrichment may arise out of the wrongful acquisition of the title to property. This is the case where the title is acquired by fraud or duress or undue influence; or where it is acquired by the wrongful disposition of another's property; or where it is acquired by a person in a fiduciary relation to another in violation of his duty as fiduciary. A constructive trust may arise, however, even though the acquisition of the property was not wrongful. It arises where the retention of the property would result in the unjust enrichment of the person retaining it." Id. § 462.2.

The Restatement similarly recognizes that a constructive trust may be imposed on the basis of violation of fiduciary relationship and duty, without diversion of the court's jurisdiction into the realm of fraud. Restatement, Restitution, §§ 160, 190, 192.

The Iowa court also has said: "It is * * * a well-settled rule that if one person obtain a legal title to property, not only by fraud or by the violation of confidence or fiduciary relations, but in any other unconscionable manner, so that he cannot equitably retain the property, which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner." Eliason v. Stephens, 216 Iowa 601, 246 N.W. 771, 774.

The present action, therefore, was not required to be treated as one for relief on the ground of fraud, but the court had jurisdiction of the cause as a matter of fiduciary relationship and duty and a violation by unjust enrichment in the relation. The District Court accordingly erred in holding that the right to maintain the suit was controlled by the limitation on actions "for relief on the ground of fraud."

 Defendants argue that, even if the District Court thus erred, the dismissal nevertheless was proper and should be af-

firmed on the ground that the action equally was barred under the general limitation provision [2] of the Iowa statute, as a matter of trust repudiation. Under Iowa law, the adverse holding of constructive-trust property, when it has been brought home to the equitable owner, is a repudiation of the trust and sets the statute in operation. See Buchner v. Cannell, 188 Iowa 16, 175 N.W. 843, 845; In re Hellman's Estate, 221 Iowa 552, 266 N.W. 36.

It may be that plaintiffs' action is thus barred, but the question is not one on which the District Court has passed, and there are implications in the complaint and in the briefs which plaintiffs may be able to amplify and which may be entitled to consideration on the issue, so that we ought not to presume to pass upon the question as an abstraction here. Thus the complaint indicates that defendants have enjoined the prosecution of some suits by other stockholders in the state court, and there is an intimation in defendants' brief that some of the actions involved have purported to be class actions. If the injunction obtained by defendants, whose terms have not been set out, has struck at the stockholders generally or as a class, and not simply at the right of individual plaintiffs, that fact may want to be shown on the limitation issue now sought to be raised, for any significance it may have in relation to section 11020 of the Iowa Code tolling the statute of limitations where the commencement of an action has been enjoined. Again, the complaint shows that part of the property involved is real estate, and the new corporation which holds the title has been made a party, and there is a prayer for general equitable relief, so that, if plaintiffs' right to impose a trust on the capital stock as such should be barred, the question of the right to follow the real estate directly, either as stockholders or on behalf of the old corporation itself, which also has been made a party, may possibly be claimed to be involved and require consideration.[3]

We intend, of course, no intimation of any character on the matters suggested, but refer to them merely to indicate that any

---

[2] "* * * all other actions not otherwise provided for in this respect, within five years." Code of Iowa 1939, § 11007, subd. 5.

[3] A ten year limitation is provided for actions brought for the recovery of real property. Code of Iowa 1939, § 11007, subd. 6. Whether this provision could or

could not have application to the situation, we have not attempted to explore. The question has not been briefed here by any of the parties, and we advert to it only, as suggested in the opinion, to indicate that matters requiring further legal resolution may be involved in defendants' attempted injection of a new limitation issue here.

attempted disposition of the issue now raised by defendants may involve questions not facially absolute and possible requests for amendments belonging in the realm of the district court. We therefore shall not go beyond the question to which the District Court confined its ruling and shall relegate any further questions of limitation or laches which may be claimed to be involved to that court. It will be able to deal in orderly fashion with any problems of pleading amplification or amendment that may arise.

Plaintiffs have suggested, as they did also in the District Court, that we should hold that the ten year limitation in subdivision 6 of section 11007 is controlling, because the voting trust agreement was a written contract. This suggestion clearly is without merit. The voting trust agreement was simply a voting trust. Besides, plaintiffs did not join in it as parties. And finally, the acts which plaintiffs seek to reach by constructive trust are the acts of the officers and directors of the corporation and not of the voting trustees. It is the fiduciary relationship inhering in the officers' and directors' position upon which plaintiffs' action here must rest.

There remains the res judicata question as to two of the plaintiffs. On that issue, we must affirm the holding of the District Court. The complaint in the previous action, just as the one here, sought to impose a constructive trust against acts done by the defendants while they were officers and directors of the corporation. While the fraud and collusiveness of their actions were directly alleged, their status as officers and directors was also specifically stated. Just as in the present suit, therefore, jurisdiction could have rested either on actual fraud or on violation of fiduciary relationship and duty. The holding that the situation was required to be treated as one for relief on the ground of fraud, and so was barred, was, as in the present case, on the facts shown by the complaint, an inherent adjudication by the District Court that the limitation provision which the court applied could not be escaped on the theory of violation of fiduciary relationship and duty. Plaintiffs had the same remedy open to them by an appeal in that case as in the present one. They accepted the dismissal and its adjudicatory effect. They thereby lost the right to litigate further against defendants their claim for a direct personal interest in the constructive trust property on the basis either of fraud or of violation of fiduciary relationship and duty. Restatement, Judgments, § 49, Comment a; Northern Pac. R. Co. v. Slaght, 205 U.S. 122, 131, 27 S.Ct. 442, 51 L.Ed. 738; Cooley v. Maine, 183 Iowa 560, 165 N.W. 1015, 1016. What might be the situation as to their rights, if a recovery of assets should be decreed in favor of the old corporation, we need not now consider.

The judgment as to plaintiffs Liken, Brauer and Nystrom is accordingly reversed, and the judgment as to plaintiffs Wilson and Diekmann is affirmed.